```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION

DAVID RUBMAN,                     )
                                  )
     Plaintiff,                   )
                                  )
vs.                               )
                                  )
JANET NAPOLITANO, Secretary       )
Of Homeland Security and          )
ALEJANDRO MAYORKAS, Director      )
Of U.S. Citizenship and           )
Immigration Services              )
                                  )
     Defendants.                  )
```

### COMPLAINT FOR INJUNCTIVE RELIEF

1. This action seeks an order compelling the USCIS to comply with its obligation under the Freedom of Information Act ("FOIA") to publish in its public reading rooms and on the Internet all final decisions issued in the adjudication of cases.

### PARTIES

2. Plaintiff David Rubman is an attorney who practices immigration law in Chicago. He has also been a professor of immigration law at Northwestern University School of Law and writes and speaks on immigration law issues. For a law review article he is writing on USCIS's discretionary decision-making process, he requires access to USCIS final decisions in areas where it applies its

discretion. He resides within the jurisdiction of the Northern District of Illinois.

3. Defendant Janet Napolitano is Secretary of Homeland Security (DHS). DHS is a Department of the Executive Branch of the United States Government.

4. DHS is an "agency" within the meaning of 5 U.S.C. 552(f)(1).

5. Defendant Alejandro Mayorkas is Director of the United States Citizenship and Immigration Service (USCIS). USCIS is a subdivision of DHS.

6. USCIS is an "agency" within the meaning of 5 U.S.C. 552(f)(1).

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

## FACTUAL ALLEGATIONS

8. The Freedom of Information Act imposes three major obligations on all federal agencies:

a. It must publish in the Federal Register descriptions of its organization, rules of procedure and substantive rules of general applicability;

b. It must publish in a public reading room (and, since 1996, on the Internet) other specified documents, including final opinions, statements of policy and interpretations, administrative staff manuals and instructions to staff that affect the public, and records commonly requested by the public.

c. It must respond to individual requests for information and must disclose documents unless protected by specified exemptions.

9. This case involves the public reading room component of the FOIA. In that regard, FOIA provides at 5 U.S.C. 552(a)(2):

> Each agency, in accordance with published rules, shall make available for public inspection and copying --
>
> (A) final opinions, including concurring and dissenting opinions, as well as orders, made in the adjudication of cases.
> . . .

10. In the Electronic Freedom of Information Act Amendments of 1996, Congress mandated that reading room documents created after November 1, 2006 be made available through electronic means, i.e. on the Internet.

11. The Department of Homeland Security's published rules about public reading rooms are found at 6 C.F.R. 5.2. That regulation provides:

3

a) Records that are required to be maintained by the Department in a public reading room will be made available electronically at: www.dhs.gov/foia. Each Department component will be responsible for determining which of the records it generates are required to be made available and to make those records available either in its own reading room or in the Department's central reading room. Each component shall maintain and make available for public inspection and copying a current subject-matter index of its reading room records. Each index shall be updated regularly, at least quarterly, with respect to newly included records.

12. The USCIS regulation at 8 C.F.R. 103.9 provides:

(b) Unpublished decisions. Each district director in the United States will maintain copies of unpublished Service and Board decisions relating to proceedings in which the initial decision was made in his district. Each regional commissioner will maintain copies of unpublished decisions made by him. The Central Office will maintain copies on a national basis of unpublished Service decisions.
. . .
(e) Public reading rooms. The Central Office and each district office in the United States will provide a reading room or reading area where the material described in this section will be made available to the public...

13. The USCIS regulation at 8 C.F.R. 103.8(b) further

defines the term "decision" to mean:

a final written determination in a proceeding under the Act accompanied by reasons. Orders made by check marks, stamps or brief endorsements which are not supported by a reasoned explanation, or those incorporating preprinted language on service forms are not decisions.

14. The USCIS Field Adjudicator's Manual, the agency's internal rule-book, provides as follows:

> 10.13 Public Copies of Decisions. (a) General. Under the Freedom of Information Act USCIS is required to maintain a public reading room. The location of the USCIS reading room is in the Headquarters Building, Washington, D.C. In addition to general reference materials about the immigration laws, each office is required to maintain public copies, with identifying details blacked out, of decisions on various types of cases. It is not required that public copies be made of every decision. Public copies of orders need not be prepared and filed in the public reading rooms when it is readily known, without research, that an identical order has been prepared and filed in a similar case. USCIS is also making available on the USCIS Internet web site much of the information which is available in public reading rooms. [See 8 CFR 103.9 .]

15. The Field Adjudicator's manual then provides a detailed procedure for the gathering and maintenance of duplicate copies of decisions and the redaction of identifying material.

16. USCIS does not follow its regulations and Adjudicator's Field Manual regarding the dissemination of final agency decisions.

17. USCIS only publishes in its public reading room and on its website copies of certain final decisions issued by the Administrative Appeals Unit (AAU) in cases that are under its appellate jurisdiction.

18. Numerous other final decisions are issued by USCIS offices, none of which are published in the public

5

reading room or on the Internet.  These include two large groups of cases that are not internally appealable (and hence not under the AAU's jurisdiction):

* Applications for permanent resident status (form I-485);

* Applications to extend or change non-immigrant status (form I-539).

19.  These two types of cases give wide discretion to USCIS to determine whether an individual may reside permanently within the United States (form I-485) or whether a temporary visitor may extend or change his or her status (form I-539).

20.  Because USCIS does not publish final decisions issued in the adjudication of such cases, and because no regulations stipulate how discretion is to be exercised in those cases, it is impossible for plaintiff and the general public to determine how USCIS exercises its discretion in individual cases.

21.  In January and February 2012, Plaintiff informally raised this issue with two officers in USCIS's Freedom of Information Office.  Those officers seized on the language in the Adjudicator's Field Manual that "[I}t is not required that public copies be made of every decision" as reason to exclude entire classes of decisions

(such as I-485 and I-539 cases) from the public disclosure obligation. They failed to note the sentence that follows, which states that "[p]ublic copies of orders need not be prepared and filed in the public reading rooms when it is readily known, without research, that an identical order has been prepared and filed in a similar case."

## CAUSE OF ACTION – FOIA

22. Defendants have violated the Freedom of Information Act, 5 U.S.C. 552(a)(2)(B), by failing to make publicly available all final opinions made in the adjudication of cases.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. order Defendant to make available on its electronic reading room all final opinions made in the adjudication of cases;

B. award Plaintiff his costs incurred in this action; and

C. grant such other relief as the Court may deem just and proper.

*/s/ David Rubman*

_____
Plaintiff


David Rubman
Attorney at Law
Rubman and Harris, LLC
53 W. Jackson Blvd. Suite 750
Chicago, IL 60604
(312) 341-1907
david@rubmanlaw.com